

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable William M. Whyburn, President
Texas Technological College
Lubbock, Texas

Dear Dr. Whyburn:               Opinion No. O-6762

> Re:  Individuals who enlisted in
> the Army Reserve, upon discharge
> by the United States Government,
> are entitled to free tuition in
> our State schools, under the pro-
> visions of chapter 337, p. 568,
> General and Special Laws of the
> 48th Legislature, passed in 1943.

        Your letter of July 27, 1945, written by your Mr.
H. L. Kent, has been given our careful consideration.  It is
stated therein that the armed services, both the Army and
Navy, made provision for what is known as an Enlisted Reserve;
that in virtue thereof college students were permitted in cer-
tain instances to enlist in the Reserve and continue in college
until the Armed Service called them; that later some of these
college students were called to report for service and were
found physically unfit and were given an honorable discharge
from the Army of the United States, Enlisted Reserve Corps.
You then ask:

>        "The question which we should like to have answer-
> ed and upon which we would like to have a ruling is,
> 'Are individuals who were enlisted in the Army Reserve
> and whose discharge indicates that they had never been
> in active service or duty during the period of their
> enlistment and who, of course, had rendered no service,
> drawn no pay, etc., to be considered as coming under
> the provisions of Chapter 337; or should the institu-
> tions refuse to register such students unless they pay
> the regular tuition charges?'"

        Article  2654b, Sections 1 and 2, of Vernon's Annotated
Revised Statutes, was passed in 1933, and exempts students enter-
ing the various State institutions from the payment of "all dues,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William M. Whyburn - page 2

fees and charges whatsoever, including fees for correspondence courses."

In 1943 the legislature passed Chapter 337, to which you refer, and specifically extended the provisions of the Act of 1933 "to all nurses, members of the Woman's Army Auxiliary Corps, Woman's Auxiliary Volunteer Emergency Service, and all members of the United States Armed forces, regardless of whether members of the United States Army, or of the United States Navy, or the United States Coast Guard, who have or are now serving or may after the passage of this Act, serve in the Armed forces of the United States of America during the present World War No. II."

Title 10, Section 2, U.S.C.A., as amended in 1941, gives the composition of the Army of the United States in the following language:

"The Army of the United States shall consist of the Regular Army, the National Guard of the United States, the National Guard while in the service of the United States, the Officers Reserve Corps, the Organized Reserves and the Enlisted Reserve Corps and shall include persons inducted into the land forces of the United States under Sections 301-318 of appendix to Title 50."

Sections 301-318 of appendix to Title 50 contains the Selective Training and Service Act of 1940. It is under this Act that the Government established what you say is recognized as the Army and Navy Enlisted Reserve. As we construe the federal statutes defining who constitute the Armed forces, the Enlisted Reserve is an integral part thereof. This being true, all those who have been discharged by the Federal Government from the Enlisted Reserve Corps are entitled to the exemption provided for in said Chapter 337 passed in 1943.

On January 3, 1945, we released our Opinion No. O-6077a to Honorable C. D. Simmons, Comptroller of the University of Texas, in which we held that students discharged from the Dental School were entitled to the benefits of said Act. A copy of that opinion is enclosed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB-MR
Enclosure